UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PEAKE CONSTRUCTION, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-6619** |
| **CROWN ROOFING SERVICES, INC. AND HARTFORD FIRE INSURANCE COMPANY** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and to Dismiss or Stay This Action (Doc. #6) is **GRANTED** as to defendants' request to stay and to compel arbitration of plaintiff's breach of contract claim against Crown Roofing Services, Inc., and as to their request to stay plaintiff's Miller Act claim against Hartford Fire Insurance Company pending arbitration. Defendants' motion is **DENIED** as to their request to compel arbitration of plaintiff's Miller Act claim against Hartford Fire Insurance Company, and as to their request to dismiss the action.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending the arbitration of plaintiff's breach of contract claim against Crown Roofing Services, Inc.

**BACKGROUND**

On May 9, 2008, Crown Roofing Services, Inc. ("Crown") entered into a contract with the United States Army Corps of Engineers ("USACE") to provide temporary roof repairs, commonly referred to as blue roofs, on storm damaged homes in certain regions of Louisiana and Texas. The contract is covered by the Miller Act, 40 U.S.C. § 3131, *et seq.*, because it was executed for the public welfare and paid for with public funds.[1] To comply with the Miller Act, Crown posted a surety bond issued by Hartford Fire Insurance Company that ensured the payment of all sums owed to any subcontractor that Crown might hire to perform services under its contract with the USACE.

Crown hired Peake as a subcontractor to perform work under its contract with USACE. The contract includes an arbitration clause which provides that:

> Notwithstanding anything in the Contract Documents to the contrary, Contractor, Subcontractor, and Subcontractor's Surety agree that all claims, disputes and other matters in controversy between Contractor and Subcontractor arising out of or relating to the subcontract[] or the breach thereof, except as provided in the contract Documents with the respect to the Owner's decisions on matters relating to artistic effect, and except for claims which have been waived by the acceptance of final payment, shall be submitted through arbitration in accordance with the Construction Industry Rules of the American Arbitration Association in New Orleans, Louisiana and shall be governed by the laws of Louisiana to the appropriate laws of the State in which the project is located.

---

[1] The Miller Act requires contractors performing a public work for the United States to post both a performance bond to protect the United States and a surety bond to ensure payment to subcontractors that supply labor or materials. 40 U.S.C. § 3131(b). Further, the Miller Act provides a civil cause of action against the surety to subcontractors doing work on government projects who have not received payment within 90 days of completion of the work. Id. at § 3133.

On September 30, 2009, Peake filed suit in the United States District Court for the Eastern District of Louisiana against Crown and Hartford alleging that they are jointly and solidarily liable to Peake for $500,247.59, due under the subcontract that Crown failed to pay to Peake. Peake alleges that Crown is liable for breach of contract and that Hartford is liable under the Miller Act as Crown's surety.

Crown and Hartford filed a motion to compel arbitration and to dismiss or stay Peake's lawsuit due to the arbitration clause in the subcontract. Peake agreed to stay its breach of contract claim against Crown pending arbitration of that claim. However, Peake argues that its Miller Act claim against Hartford is not subject to the arbitration clause in the subcontract and it should be permitted to proceed in litigation without a stay.

## ANALYSIS

**1.**     **Compelling Arbitration**

The Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, "embodies the national policy favoring arbitration." <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 126 S.Ct. 1204, 1207 (2006). In determining whether a dispute is referable to arbitration, the court must analyze whether an agreement to arbitrate exists and whether the claim at issue falls within the agreement:

> To ascertain whether the parties have agreed to arbitrate a particular claim, we must determine (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. In view of the policy favoring arbitration, we ordinarily resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration. As a consequence, a valid agreement to arbitration applies unless it can be said with positive assurance that [the] arbitration clause is not

> susceptible of an interpretation which would cover the dispute at issue.

Personal Security & Safety Systems v. Motorola, Inc., 297 F.3d 388, 391 (5th Cir. 2002) (internal citations and quotations omitted).

It is undisputed that there is a valid arbitration agreement between Peake and Crown and that the breach of contract dispute between Peake and Crown falls within the scope of that arbitration agreement. Indeed, Peake has agreed to stay its breach of contract claim against Crown and proceed with that claim in arbitration. Thus, the defendants' motion is GRANTED, as to Peake's breach of contract claim against Crown, and that claim is STAYED pending arbitration.

However, Peake does not agree that it should arbitrate its Miller Act claim against Hartford, or stay that claim while its arbitration with Crown proceeds. Defendants argue that the court should compel Peake to arbitrate its Miller Act claim against Hartford, or at least stay that claim pending the arbitration of Peake's breach of contract claim against Crown, because Peake's Miller Act claim against Hartford arise out of Hartford's role as Crown's surety and is derived from Peake's breach of contract claim against Crown.

As noted above, in determining whether a dispute is referable to arbitration, the court must first find that there is a valid arbitration agreement between the parties. Personal Security & Safety Systems, 297 F.3d at 391. "[A]rbitration is a matter of contract and a party cannot be required to submit an to arbitration any dispute which he has not agreed to so submit." AT & T Techs., Inc. v. Commc'ns Workers of Am., 106 S.Ct. 1415, 1419 (1986). Unless the parties agreed otherwise, the court, not the arbitrator, must determine whether the parties agreed to arbitrate. Id. When the

4

parties dispute whether there is an arbitration agreement, the court must apply state-law principles of contract to determine whether an agreement was reached. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 218 (5th Cir. 2003). It is undisputed that there is no arbitration agreement between Peake and Hartford in which they agreed that Peake's Miller Act claim against Hartford would be submitted to arbitration. Therefore, Peake's Miller Act claim against Hartford is not referable to arbitration, and the defendants' motion is DENIED as to compelling Peake to arbitrate its Miller Act claim against Hartford.

However, as Crown's surety, Hartford stands in Crown's shoes so that Hartford's defenses and liability, if any, are the same as those of Crown. Dinon Terrazzo & Tile Co. v. Tom Williams Const. Co., 148 So.2d 329, 333 (La. Ct. App. 1963). Further, "a judgment against a principal conclusively established against a surety the fact of, and amount of, the principal's liability, except against defenses of fraud or collusion, if obtained in a suit of which [the] surety had full knowledge and opportunity to defend." Frederick v. U.S., 386 F.2d 481, 486 n. 6 (5th Cir. 1867). Therefore, Hartford must be permitted to participate in the arbitration of Peake's breach of contract claim against Crown to assert defenses and protect its interests. Such participation by Hartford does not affect the pendency of Peake's Miller Act claim in the federal court, other than to protect Hartford against any *res judicata* effects an award against Crown in arbitration may have on Peake's Miller Act claim against Hartford.

**2.     Staying Peake's Miller Act Claim Against Hartford**

When there is a party present in the underlying dispute that is not a party to an arbitration agreement, the court may stay the litigation among the non-arbitrating parties pending the outcome

of the arbitration.[2] Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 103 S.Ct. 927, 939 n. 23 (1983). The decision to institute such a stay "is one left to the district court . . . as a matter of its discretion to control its docket." Id.  Here, staying Peake's Miller Act claim against Hartford, along with Peake's breach of contract claim against Crown, pending the arbitration of Peake's breach of contract claim against Crown, is appropriate because it serves the interests of judicial economy by avoiding duplicative effort.  Moreover, it furthers purpose of the Miller Act which is to "protect persons supplying labor and materials for the construction of federal public buildings" U.S. for the Benefit of and on Behalf of Sherman v. Carter, 77 S.Ct. 793, 797 (1957), by providing "a surety who, by force of the Act, must make good on the obligations of a defaulting contractor to his suppliers of labor and material" id., because Peake will be able to revive its Miller Act claim against Hartford at the close or arbitration, and the court will have the benefit of the results of that proceeding.  Therefore, the defendants' motion is GRANTED as to staying Peake's Miller Act claim against Hartford, and that claim is STAYED pending the arbitration of Peake's breach of contract claim against Crown.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and to Dismiss or Stay This Action (Doc. #6) is **GRANTED** as to defendants' request to stay and to compel arbitration of plaintiff's breach of contract claim against Crown Roofing Services, Inc., and as to their request to stay plaintiff's Miller Act claim against Hartford Fire Insurance Company pending

---

[2] Dismissal is not appropriate because Peake's Miller Act claim against Hartford is not referable to arbitration.  See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992).

arbitration. Defendants' motion is **DENIED** as to their request to compel arbitration of plaintiff's Miller Act claim against Hartford Fire Insurance Company, and as to their request to dismiss the action.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending the arbitration of plaintiff's breach of contract claim against Crown Roofing Services, Inc.

New Orleans, Louisiana, this   31st  day of March, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**